Mark S. Horoupian (CA Bar No. 175373)
  *mhoroupian@sulmeyerlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for David M. Goodrich
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SHASA USA LLC,<br><br>    Debtor.<br>_____<br><br>DAVID M. GOODRICH, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>    vs.<br><br>KUEHNE + NAGEL, INC., a New York corporation,<br><br>    Defendant. | Case No. 2:15-bk-11688-ER<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 550 AND 551**<br><br><u>Status Conference</u>:<br><br>Date:   {To Be Set By Court}<br>Time:   {To Be Set By Court}<br>Place:   Courtroom 1568<br>           Roybal Federal Building<br>           255 East Temple Street<br>           Los Angeles, California 90012 |

For his Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547(B), 550 And 551 ("<u>Complaint</u>"), against Kuehne + Nagel, Inc. ("<u>Defendant</u>"), David M. Goodrich, the duly appointed and acting Chapter 7 Trustee of the estate of Shasa USA LLC Inc. ("<u>Trustee</u>" or <u>Plaintiff</u>"), hereby alleges as follows:

## **REQUIRED PLEADING DISCLOSURE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core

ALS\ 2573742.37

1 proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property which may be property of the estate of Shasa USA, LLC (the "Debtor"). Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

**STATEMENT OF JURISDICTION AND PROCEEDINGS**

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this is a civil proceeding arising in and/or related to the Debtor's Chapter 7 case, styled *In re Shasa USA LLC* (Case No. 2:15-bk-11688-ER) currently pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in this Central District of California as the acts and conduct complained of herein took place within this district. Accordingly, this Court also has personal jurisdiction over the Defendant.

3. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(F) and (H).

4. On February 3, 2015 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

**PARTIES**

5. Plaintiff is the Trustee of the Debtor's estate, and brings this action for the benefit of the Estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Debtor's petition was filed.

6. Plaintiff is informed and believes and based thereon alleges that Defendant is a New York corporation authorized to do business and doing business in the State of California. At all relevant times, Defendant was an entity for whose benefit the recoverable transfers alleged

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

7. Prior to the Petition Date, the Debtor was involved in the women's "fast fashion" clothing retail industry. It was generally considered to be a competitor of discount young women's fashion retailers such as Forever 21, H&M, Wet Seal, and Deb Shops. The Debtor's business model involved a constant turnover of clothing and accessory lines at the Retail Stores. Clothing and accessories were updated on a monthly basis. The clothing and accessories sold by the Debtor were intended to be used a few times and then thrown away by the consumer because, as the Debtor's business model suggests, the clothing was no longer fashionable and consumers would return to the Debtor's store to buy the "current fashion" of the month. The clothing and accessories sold by the Debtor were priced in the typical range of $5.00 to $15.00.

8. The Debtor represented the domestic operations of Servicios Shasa, S. De R.L. De C.V, an entity which owns and operates more than ninety stores, primarily in Mexico. After approximately five years of operations – and consistent annual losses – the Debtor explored restructuring alternatives in an attempt to save its domestic operations. The Debtor determined that the operations were too far gone, and that competition from industry behemoths like Forever 21 precluded any hope of a successful turnaround. The Debtor then decided to undergo a systematic closing of its domestic stores. It first conducted 50% off sales at the stores, then closed the doors and filed its Chapter 7 bankruptcy petition. All of the Debtor's employees were laid off, its stores were all shuttered, and all inventory was locked down at stores.

9. In the 90-day period prior to the Petition Date, the Debtor did not have sufficient funds to pay all of its debts, and fell behind on its payments to creditors.

10. During this time period, many of the Debtor's creditors contacted the Debtor and demanded that their bills be paid.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

11. Plaintiff is informed and believes and on that basis alleges, that the Debtor made transfers of property in the form of payments to the Defendant during the 90 day period

1  prior to the Petition Date in the total aggregate amount of $14,595.01 ("Preferential Transfers").
2  Attached hereto as **Exhibit 1** is a chart identifying the Preferential Transfers made to Defendant.
3  These transfers were made by check written by the Debtor in favor of the Defendant, and the date
4  of each check and the amount of each check is identified on **Exhibit 1**.

**FIRST CLAIM FOR RELIEF**

**(Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. § 547(b))**

7        12.    Plaintiff realleges and incorporates herein by reference each and every
8  allegation contained in paragraphs 1 through 11 as though set forth in full.

9        13.    Plaintiff is informed and believes and, on that basis alleges thereon, that the
10 Preferential Transfers were made to Defendant for the benefit of Defendant, who was a creditor of
11 the Debtor at the time of the respective transfers as that term is defined by 11 U.S.C. § 101(10).

12       14.    Plaintiff is informed and believes and, on that basis alleges thereon, that the
13 Preferential Transfers were transfers of interests of the Debtor in property.

14       15.    Plaintiff is informed and believes and, on that basis alleges thereon, that the
15 Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to
16 Defendant before the Preferential Transfers were made.

17       16.    Plaintiff is informed and believes and, on that basis alleges thereon, that the
18 Preferential Transfers were made while the Debtor was insolvent.

19       17.    Plaintiff is informed and believes and, on that basis alleges thereon, that the
20 Preferential Transfers enabled Defendant to receive more than Defendant would have received if
21 (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code;
22 (b) the respective transfers had not been made; and (c) Defendant received payment of such debt
23 to the extent provided by title 11 of the United States Code.

24       18.    Interest on the Preferential Transfers has accrued and continues to accrue
25 from the date each of the Preferential Transfers was made.

26       19.    The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b)
27 that the Preferential Transfers are avoided.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## SECOND CLAIM FOR RELIEF

### (For Recovery Of Property Pursuant To 11 U.S.C. § 550)

20. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 as though set forth in full.

21. As alleged herein, Plaintiff is entitled to avoid the Preferential Transfers under 11 U.S.C. § 547. As the Defendant is the initial transferee of the Preferential Transfers, or the entity for whose benefit the Preferential Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Preferential Transfers, or any of them, Plaintiff is entitled to recover for the Estate the proceeds or value of the respective transfers under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

### (For Preservation Of Avoided Transfer Pursuant To U.S.C. § 551)

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 as though set forth in full.

23. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547, including the Preferential Transfers, for the benefit of the Estate.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For a judgment that the Preferential Transfers are avoidable as preferential transfers under 11 U.S.C. § 547(b);

### ON THE SECOND CLAIM FOR RELIEF

2. For a judgment that the Estate is entitled to recover the Preferential Transfers or the value thereof under 11 U.S.C. § 550;

### ON THE THIRD CLAIM FOR RELIEF

3. For a judgment that the Estate is entitled to preserve any transfers avoided under 11 U.S.C. § 547(b), including the Preferential Transfers, for the benefit of the Estate;

/ / /

/ / /

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## ON ALL CLAIMS FOR RELIEF

4. For interest as permitted by law from the date of the transfers;

5. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

6. For such other and further relief as the Court deems just and proper.

DATED: January 30, 2017

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: _____/s/_____
Mark S. Horoupian
Steven F. Werth
Attorneys for David M. Goodrich
Chapter 7 Trustee

ALS\ 2573742.37

6

**EXHIBIT 1**

| DATE | AMOUNT | TOTAL |
|---|---|---|
| **1/13/2015** | **$14,595.01** | **$14,595.01** |

ALS\ 2573742.37

7

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>DAVID M. GOODRICH, Chapter 7 Trustee | **DEFENDANTS**<br>KUEHNE + NAGEL, INC., a New York corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mark S. Horoupian (CA Bar No. 175373)<br>*mhoroupian@sulmeyerlaw.com*<br>Steven F. Werth (CA Bar No. 205434)<br>*swerth@sulmeyerlaw.com*<br>SulmeyerKupetz, A Professional Corporation<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA  90071<br>Telephone: 213.626.2311; Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO
11 U.S.C. §§ 547(b), 550 AND 551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/ Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ 14,595.01 |

**Other Relief Sought**
Interest as permitted by law from the date of the transfers; costs of suit including, without limitation, attorneys' fees

American LegalNet, Inc.
www.FormsWorkFlow.com

ALS\ 2574841.37

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>SHASA USA LLC | BANKRUPTCY CASE NO.<br>2:15-bk-11688-ER | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>Ernest M. Robles | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>January 30, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Mark S. Horoupian<br>Steven F. Werth<br>**Sulmeyer**Kupetz, A Professional Corporation | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ALS\ 2574841.37


American LegalNet, Inc.
www.FormsWorkFlow.com